IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROLANDO MANLANGIT and <br> PEOPLE OF THE STATE OF ILLINOIS <br> EX REL. ROLANDO MANLANGIT, <br><br> Plaintiffs, <br><br> vs. <br><br> FCI LENDER SERVICES, INC.; <br> PARTNERS FOR PAYMENT RELIEF, DE IV, <br> LLC; DANIEL O. BARHAM; <br> JORIE K. JOHNSON; <br> BARHAM & MAUCERE, LLC; <br> and BARHAM LEGAL, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Rolando Manlangit and People of the State of Illinois ex rel. Rolando Manlangit bring this action to secure redress from unlawful conduct engaged in by defendants (a) FCI Lender Services, Inc. ("FCI"), (b) Partners for Payment Relief, DE IV, LLC ("PPR IV"), (c) attorney Daniel O. Barham ("Barham"), (d) attorney Jorie K. Johnson, (e) Barham Legal, LLC ("Barham Legal"), and (f) Barham & Maucere, LLC ("B&M").

2. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 810 ILCS 505/2 ("ICFA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

8. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

9. Plaintiffs complain that defendants (a) unlawfully attempt to collect time-barred debts and (b) unlawfully attempt to collect debts owned by unlicensed debt buyers.

**VENUE AND JURISDICTION**

10. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

11. Venue and personal jurisdiction in this District are proper because defendants'

collection activities impacted plaintiffs within this District and because defendant Jorie K. Johnson is located within this District.

## PARTIES

### Plaintiff

12. Plaintiff Rolando Manlangit is an individual who resides in Des Plaines, Illinois. He sues individually and as private attorney general.

### PPR IV

13. PPR IV is a limited liability company organized under Delaware law with principal offices at 920 Cassatt Road, Suite 210, Berwyn, PA 19312.

14. The three managers of PPR IV are David VanHorn, Robert Paulus, and John Sweeney.

15. The sole business of PPR IV is the acquisition (or claimed acquisition) and liquidation of defaulted residential mortgage debts.

16. PPR IV derives all of its revenue from (a) the acquisition or claimed acquisition of defaulted mortgage loans and (b) the liquidation of such loans by dunning borrowers, foreclosure, and legal proceedings.

17. PPR IV has brought judicial or nonjudicial foreclosure proceedings against, or participated as junior lienholder in foreclosure proceedings against, multiple homeowners.

18. PPR IV uses the mails and telephone system in connection with its business.

19. At no time has PPR IV held a license from the Illinois Department of Financial and Professional Regulation.

20. Defendant PPR IV is one of four similarly-named entities which are engaged in the same business activities:

    a. Partners for Payment Relief DE II, LLC;

    b. Partners for Payment Relief DE III, LLC;

      c.      Partners for Payment Relief DE IV, LLC;

      d.      Partners for Payment Relief DE, LLC.

21.    The asset manager of these entities, Matthew Kadash, states on a Linkedin page that "Partners for Payment Relief, LLC (PPR) was established in October 2007 for the purpose of acquiring second lien residential mortgage notes at a discounted purchase price." (https://www.linkedin.com/in/matthew-kadash-96901419)

22.    On information and belief, the business of all of the Partners for Payment Relief entities consists of acquiring defaulted mortgage loans at a discounted price and collecting them. They do not trade in non-delinquent loans.

23.    The Partners for Payment Relief entities invite "investors" to invest in such loans. They seek out such investors through the Internet, "workshops," and real estate conferences. (www.pprnoteacademy.com and www.pprnoteco.com)

### Attorney Defendants

24.    Defendant Daniel O. Barham is an attorney licensed to practice in Illinois. He was the sole principal of the law firm of Barham Legal, LLC, an Ohio limited liability company.

25.    During the course of the conduct complained of herein, he began conducting his practice as one of the principals of Barham & Maucere, LLC, a Tennessee limited liability company.

26.    Barham, Barham Legal, and Barham & Maucere may be served at 123 South Broad Street, Suite 305, Lancaster, OH 43130-7707, which is Barham's registered address with the Attorney Registration & Disciplinary Commission.

27.    Defendant Jorie K. Johnson is an attorney at Barham Legal and Barham & Maucere involved with the prosecution of the actions described below.

28.    Barham, Barham Legal, Barham & Maucere and Johnson are referred to as the attorney defendants.

**FCI**

29. Defendant FCI Lender Services, Inc. ("FCI"), is a California corporation with its principal place of business at 8180 E. Kaiser Blvd., Anaheim, CA 92808. It does business in Illinois. Its registered agent and office is Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, IL 62704.

30. FCI is a "special servicer," holding itself out as engaging in "Non-Performing Loan Workouts." (https://www.trustfci.com/SpecialtyLoanServicing.html)

31. FCI regularly services loans owned by others which are in default at the time FCI first becomes involved with them.

32. FCI uses the mails and telephone system in conducting business.

33. FCI is a debt collector as defined in the FDCPA.

**FACTS**

34. Defendants have been attempting to enforce against plaintiff Rolando Manlangit a mortgage securing an open end home equity credit line agreement. The loan was originated by Countrywide Mortgage Ventures, LLC, a former subsidiary of the now defunct predatory lender Countrywide Financial. In 2010, Countrywide agreed to pay $108 million to settle federal charges that the company overcharged customers.

35. The loan was part of an 80/20 financing arrangement, which was in use at the time by subprime mortgage lenders like Countrywide, in which 80 percent of the purchase price was covered by a first, adjustable-rate mortgage, and the remainder by a second mortgage, often with a much higher adjustable interest rate. Countrywide's founder described such loans as "the most dangerous product in existence and there can be nothing more toxic." http://fortune.com/2010/12/23/how-the-roof-fell-in-on-countrywide/ He later agreed to pay a $67.5 million penalty and reparations to investors, and accepted a permanent ban from serving as an officer or director of a public company on the eve of trial in a fraud case.

36. Like many borrowers who were set up with 80/20 loans, Mr. Manlangit did not understand how the loan was set up. He eventually had questions about where the loan proceeds went, and stopped paying on the loan.

37. Defendants claim that PPR IV owns the agreement.

38. The credit line agreement went into default in 2013.

39. No payments were made after 2013.

40. FCI acquired servicing of the credit line agreement in 2017.

41. Appendix A is a copy of the credit agreement. Appendix B is a copy of the mortgage.

42. On or about February 21, 2019, more than 6 years after the last payment, FCI sent plaintiff the statement attached as Appendix C.

43. FCI became involved with plaintiff's loan after it was in default.

44. On February 21, 2019, both the note and mortgage were barred by the Illinois five-year statute of limitations.

45. Appendix C appears to be a regular monthly statement.

46. Appendix C creates the impression that it is sent in connection with a legally enforceable debt.

47. Appendix C invites the borrower to engage in settlement discussions.

48. Appendix C states that there is a $15 fee for paying a bill online and an $18 fee for paying a bill by telephone.

49. Nothing in the underlying credit agreement or mortgage authorizes fees for paying a bill online or by telephone.

50. Standard form credit agreements and mortgages do not authorize fees for paying a bill online or by telephone.

51. Illinois law forbids the imposition of such fees. 225 ILCS 425/9(a)(33).

52. On or about February 6, 2019, PPR IV, represented by Barham and Johnson, filed

6

a foreclosure lawsuit against Mr. Manlangit in state court. A copy of the summons and complaint are in Appendix D.

53. It is the regular practice of PPR IV to file lawsuits against Illinois consumers.

54. It is the regular practice of the attorney defendants to file lawsuits against Illinois consumers on behalf of unlicensed alleged debt buyers.

55. After Mr. Manlangit retained counsel, appeared, paid an appearance fee, and defended the foreclosure lawsuit, defendants dismissed it.

## COUNT I – FDCPA – CLASS CLAIM

56. Plaintiff Rolando Manlangit incorporates paragraphs 1-55.

57. This claim is against FCI.

58. Documents in the form of Appendix C seek money which is not owed, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

59. Documents in the form of Appendix C, when sent on time-barred debts, create the false impression that a legally enforceable obligation exists, and violate 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

60. Plaintiff was damaged by defendants' conduct, in that:

    a. He spent time and money defending against their conduct;

    b. He suffered aggravation, distress, and damage to credit.

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of a class and subclass pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

62. The class consists of (a) all individuals (b) to whom FCI sent a document in the form of Appendix C (c) addressed to an Illinois address or concerning Illinois property (e) which letter was sent at any time on or after one year prior to the filing of this action (f) where the loan was delinquent at the time FCI first became involved with it and (g) the individual resides in the property.

7

63. The subclass includes class members where the document sought to collect an open end line of credit on which the date of default or last payment, whichever was later, was more than 5 years prior to the sending of the document.

64. On information and belief, the class and subclass members are so numerous that joinder of all members is not practicable.

65. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether the document asserts the right to charges which are not legally chargeable;

    b. Whether the document creates the false impression that the debt is legally collectible;

    c. Whether the document violates the FDCPA.

66. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

68. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i. Statutory damages;

ii. Actual damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

## COUNT II – FDCPA – CLASS CLAIM

69. Plaintiff Rolando Manlangit incorporates paragraphs 1-55.

70. This claim is against PPR IV and the attorney defendants.

71. Defendants filed suit against plaintiff on a time-barred debt and on behalf of an unlicensed debt buyer, PPR IV.

72. The attorney defendants regularly file suits against residents on behalf of unlicensed debt buyers, and with full knowledge of the impropriety of doing so.

73. During a one-year period, the attorney defendants have filed or prosecuted or served lawsuits against Illinois residents on behalf of at least 4 other unlicensed debt buyers besides the Partners for Payment Relief entities, naming over 25 Illinois residents as defendants, besides plaintiff.

74. Defendants thereby violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

## CLASS ALLEGATIONS

75. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

76. The class consists of (a) all individuals (b) whom the attorney defendants sued (c) in an Illinois court (d) for an unlicensed debt buyer (e) where suit was filed or served (personally or by publication) at any time on or after one year prior to the filing of this action.

77. On information and belief, the class members are so numerous that joinder of all members is not practicable.

78. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.      Whether the attorney defendants have a practice of filing lawsuits on behalf of unlicensed debt buyers;

      b.      Whether the practice violates the FDCPA.

79.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

80.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

81.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Statutory damages;

      ii.      Actual damages;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

### COUNT III – CONSUMER FRAUD ACT

82.    Plaintiff Rolando Manlangit incorporates paragraphs 1-55.

83.    This claim is against PPR IV.

84.    Defendant engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by filing suit against plaintiff on a time-barred debt and when PPR IV was not licensed.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      i.      Actual damages;

      ii.      Punitive damages;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

### COUNT IV – COLLECTION AGENCY ACT

85. Plaintiff People of the State of Illinois ex rel. Rolando Manlangit incorporates paragraphs 1-53.

86. This claim is against PPR IV.

87. Defendant violates the Illinois Collection Agency Act by collecting debts from Illinois residents without a license.

88. PPR IV is a "collection agency" and a "debt buyer" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

89. 225 ILCS 425/3(d) brings debt buyers within the purview of the ICAA by providing that "A person acts as a collection agency when he, she, or it: . . . (d) Buys accounts, bills or other debt . . ."

90. Additionally, 225 ILCS 425/8.5 states that "A debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act." (Section 8.6 exempts debt buyers from requirements relating to surety bonds, trust accounts, and written authorization for legal action.) "Debt buyer" is defined in 225 ILCS 425/2 as "person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt."

91. Section 4 of the ICAA, 225 ILCS 425/4, provides:

> Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the *business of collecting*, solicit claims for others, have a sales office, a client, or solicit a client in this State, *exercise the right to collect*, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no

collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.

92.     To prosecute a collection or foreclosure lawsuit is to "exercise the right to collect . . . ."  To prosecute multiple such lawsuits is to engage in the "business of collecting." The ICAA expressly regulates litigation by "collection agencies."  ICAA §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b.

93.     Section 14b of the ICAA, 225 ILCS 425/14b, provides that the unlicensed operation of a collection agency is a crime:

> § 14b. Penalty of unlawful practice; Second and subsequent offenses. Any entity that practices or offers to practice as a collection agency in this State without being licensed for that purpose, or whose license is suspended, revoked, or expired, or that violates any of the provisions of this Act for which no specific penalty has been provided herein, is guilty of a Class A misdemeanor.
>
> Any entity that has been previously convicted under any of the provisions of this Act and that subsequently violates any of the provisions of this Act is guilty of a Class 4 felony. In addition, whenever any entity is punished as a subsequent offender under this Section, the Secretary shall proceed to obtain a permanent injunction against such entity under Section 14a of this Act.

94.     225 ILCS 425/14a provides:

> Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section,

the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

WHEREFORE, the Court should enter judgment:

a. Enjoining PPR IV from engaging in collection activities, including lawsuits, against Illinois residents.

b. Awarding attorneys fees, litigation expenses and costs;

c. Granting such other relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\36027\Pleading\Complaint with TLG changes_Pleading.WPD

13

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

>/s/ Daniel A. Edelman
>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)